UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IBRAHIM SEERAR MAH,

                    Petitioner,

        v.

BRUCE SCOTT, Warden of the
Northwest ICE Processing Center;
MARKWAYNE MULLIN, Secretary of
the U.S. Department of Homeland
Security,

                    Respondents.

CASE NO. 2:26-cv-01243-JNW

ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS

## 1.  INTRODUCTION

This matter comes before the Court on Petitioner's petition for writ of habeas corpus. Dkt. No. 1. Having reviewed the petition, the return, Dkt. No. 5, the traverse, Dkt. No. 8, the relevant record, and all other supporting materials, the Court DENIES the petition for the reasons stated below.

## 2.  BACKGROUND

Petitioner previously filed pro se a habeas petition in this district, *Mah v. ICE Field Off. Dir.*, No. C26-0037-KKE. On February 5, 2026, Judge Kymberly K. Evanson granted that petition, concluding that Petitioner was subject to

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 1

discretionary detention under 8 U.S.C § 1226(a) and that his re-detention violated his constitutional right to due process. *Mah v. ICE Field Off. Dir.*, No. C26-0037-KKE, 2026 WL 309245, at *1 (W.D. Wash. Feb. 5, 2026), *reconsideration denied*, No. C26-0037-KKE, 2026 WL 585797 (W.D. Wash. Mar. 2, 2026). Judge Evanson ordered Respondents to provide Petitioner with a bond hearing within fourteen days of his request for one. *Id.*

Pursuant to that order, Petitioner received an individualized bond hearing on February 11, 2026, where an Immigration Judge denied him bond, finding that he posed a flight risk and danger to the community based on his immigration history, inconsistent aliases and birthdates in his records, and criminal history. In light of the IJ's denial, Petitioner sought reconsideration of Judge Evanson's order—asking to be released outright—but the court denied reconsideration because Petitioner merely "re-raise[d] arguments the Court already considered" and did "not show the Court's manifest error or provide new facts or legal authority". *Mah v. ICE Field Off. Dir.*, No. C26-0037-KKE, 2026 WL 585797, at *1 (W.D. Wash. Mar. 2, 2026).

Petitioner, now represented by counsel, filed a new habeas petition contending that the bond hearing ordered by Judge Evanson was insufficient to remedy the initial due process violation. *See, e.g.*, Dkt. No. 1. He seeks outright release, arguing that the hearing did not cure that violation and that his continued detention is thus unlawful. *Id.*

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 2

### 3.  DISCUSSION

**3.1    No abuse of the writ.**

Respondents argue that this successive petition should be denied as an abuse of the writ. Dkt. No. 5 at 4. Although Respondents press the point with some force, the Court finds that the petition is not barred.

"The doctrine of abuse of the writ generally 'forbids the reconsideration of claims that were or could have been raised in a prior habeas petition.'" *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (quoting *Calderon v. United States Dist. Ct. (Kelly)*, 163 F.3d 530, 538 (9th Cir. 1998) (en banc), *overruled in part on other grounds by Woodford v. Garceau*, 538 U.S. 202 (2003)). A successive habeas petition under 28 U.S.C. § 2241 that "raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Id. See also Reyes v. Warden of California City Det. Ctr.*, No. 1:26-CV-03747-DAD-AC, 2026 WL 1457377, at *1 (E.D. Cal. May 22, 2026). But the doctrine reaches only those claims a petitioner had a full and fair opportunity to raise earlier. A petitioner has no such opportunity where "[1] the claim was not yet ripe at the time of the first petition, or [2] where the alleged violation occurred only after the denial of the first petition." *Eldridge v. Howard*, 70 F.4th 543, 552 (9th Cir. 2023) (citation modified).

That standard resolves the question here. The core of Petitioner's new petition rests on developments that postdate his first one. His claim that the February 11, 2026, bond hearing failed to cure the due process violation could not

have been raised before that hearing took place. And his claim that his detention is now unlawfully prolonged under *Zadvydas v. Davis*, 533 U.S. 678 (2001), turns on the passage of time—his detention crossing the six-month period that *Zadvydas* treats as presumptively reasonable, *id.* at 701—that had not elapsed when he filed his first petition. Because neither claim was ripe earlier, neither is barred. *See Eldridge*, 70 F.4th at 552. Even setting aside ripeness, the Court hesitates to apply the doctrine here, where Petitioner has since obtained counsel. *See, e.g., Haidari v. Scott*, No. 2:26-CV-01146-TL, 2026 WL 1194634, at *1 (W.D. Wash. May 1, 2026) (finding doctrine to not apply when a formerly pro se petitioner refiled petition with the assistance of counsel).

To the extent the petition simply relitigates the lawfulness of Petitioner's September 2025 re-detention, that question was decided in the first habeas proceeding and again on reconsideration, when the Judge Evanson declined to order Petitioner's immediate release. The Court does not revisit it. The petition's remaining claims—that the bond hearing did not cure the violation, and that Petitioner's continued detention is independently unlawful—are properly before the Court, and the Court turns to them now.

**3.2   Petitioner's detention is not prolonged under *Zadvydas*.**

In *Zadvydas*, the Supreme Court held that 8 U.S.C. § 1231(a)(6) "does not permit indefinite detention." 533 U.S. at 689. Rather, it allows detention only for "a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 4

detention is no longer authorized by statute." *Id.* at 699. The Court established six months as the "presumptively reasonable" period of post-removal-order detention. *Id.* at 701. After six months, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* Importantly, "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* The Government's burden to justify continued detention thus becomes increasingly demanding over time.

Petitioner is detained under 8 U.S.C. § 1226(a). *Mah*, 2026 WL 309245, at *4. That statute permits the Attorney General to detain any noncitizen "pending a decision on whether the alien is to be removed from the United States." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008). Petitioner argues that he has been detained more than six months, "[h]is appeal before the Board of Immigration Appeals remains pending, and if denied, [he] may seek further review before the Ninth Circuit Court of Appeals." Dkt. No. 1 at 10. Detentions under "§ 1226(a), like § 1231(a)(6), also does not authorize indefinite detention." *Prieto-Romero*, 534 F.3d at 1063. Accordingly, "[c]onsistent with Zadvydas, [the Ninth Circuit] construe[s] the Attorney General's detention authority under § 1226(a) as limited to the period reasonably necessary to bring about [a noncitizen's] removal from the United States, even if continued detention in any particular litigant's case would not pose a constitutional problem." *Id.* (citation modified).

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 5

Petitioner has not made the showing *Zadvydas* requires. He offers no "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Zadvydas*, 533 U.S. at 701. He does not argue that anything would prevent the Government from removing him to Somalia if his challenge to removal fails, *Prieto-Romero*, 534 F.3d at 1064–65, or that he is caught in a "removable-but-unremovable limbo," *Jama v. Immigr. & Customs Enf't*, 543 U.S. 335, 347 (2005). Rather, his administrative proceedings will end at some point, even in the "absence of a date certain" as to when that will occur. *Castaneda v. Perry*, 95 F.4th 750, 758 (4th Cir. 2024); *see also Diouf v. Mukasey*, 542 F.3d 1222, 1233 (9th Cir. 2008) ("That the detention did not have a certain end date does not change the [Zadvydas] analysis."). Nor is this a case where the government has unreasonably prolonged the administrative proceedings. *Cf. Nadarajah v. Gonzales*, 443 F.3d 1069, 1075–77, 1081–82, 1084 (9th Cir. 2006) (finding petitioner's detention indefinite when he "ha[d] won relief at every administrative level," and proceedings continued only due to an "unusual move" by the BIA "referr[ing] the case to the Attorney General for review"). Under these circumstances, Petitioner's "continued detention, while lengthy, is not indefinite," and detention "remains authorized by § 1226(a)[.]" *Prieto-Romero*, 534 F.3d at 1065.

Petitioner's remaining contention—that the bond hearing failed to cure the due process violation the Court previously identified—fares no better. Consistent with the requirements of his Section 1226(a) detention, *see Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196–97 (9th Cir. 2022), Petitioner had a bond hearing on February 11, 2026. 2025. Petitioner disagrees with the outcome of the hearing, but

disagreement with the outcome is not of the process he was afforded is not the same as denial of that process. He has not shown that the hearing denied him due process, or that he is otherwise entitled to release or to a further bond hearing. The Court therefore denies the petition. *See, e.g., Martir-Martinez v. Scott*, No. 2:25-cv-02194-LK, 2026 WL 709787, at *4 (W.D. Wash. Mar. 13, 2026) (denying habeas petition when petitioner "has been afforded all the process he is due and does not otherwise point to other statutory grounds to grant immediate release" (citation modified)).

If Petitioner's continued detention later becomes unreasonably prolonged and indefinite, he may file another habeas petition at that time on that issue. For now, though, he is not entitled to habeas relief.

### 4. CONCLUSION

Accordingly, the Petition is DENIED.

Dated this 30th day of June, 2026.

Jamal N. Whitehead
United States District Judge

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS - 7